Mr. Justice Groves
dissenting:
I feel constrained to dissent.
Under the 1955 stipulation and decree and the deed given thereunder, the defendant and others were to “have full, complete and unrestricted use of the facilities of the building at 808 Grant Street” and “If the building shall be hereafter sold or conveyed . . . the rights herein *549 shall be protected in perpetuity.” To me, the defendant explicitly was given perpetual rights in a particular building and, if it were sold, the defendant’s rights, therein were to be reserved. Whether this interest is designated a trust or covenant running with the land or something else, the defendant became the beneficiary of rights in a particular structure, and the majority opinion transfers those vested rights into ephemeral contract rights in some other building, which may be unknown, unplanned and probably unbuilt. Quaere: How do the majority opinion’s contract rights fare when examined under the light of the Rule against Perpetuities?
As the majority opinion points out, the associations involved are composed primarily of business and professional men and were represented by competent attorneys. Nevertheess, these associations have been involved in litigation with each other for many years. The 1955 litigation was the sixth district court action involving these warring organizations. I agree entirely with the thought of the author of the majority opinion that poor judgment was shown in making a structure, which obviously is not going to last forever, the subject of a perpetual covenant. However, this was done and a court should not vary the plain terms of a written document in order to supplant poor judgment with better judgment based on hindsight.
In addition, enforcement of the plain terms of these documents does not create such an impossible situation as might appear at first blush. The doctrine of cy pres has not been raised in this action. At such time as this building becomes obsolete, the rights of the parties can be declared and protected under this doctrine, which brings forth an equitable remedy when the objective of the benefit bestowed can no longer be achieved. Dunbar v. Clayton Trust, 170 Colo. 327, 461 P.2d 28.
The majority opinion leaves the defendant with only contractual rights and, in the event of a sale of the *550 property by plaintiff, to have the sales price used to provide lodge facilities in other property. There are no guidelines for the protection of the defendant. If the funds realized from the sale are insufficient to construct adequate and comparable facilities, the defendant will have no remedy. The defendant is not even given a lien upon the property or the sales proceeds to protect himself.
I would affirm except as to the conclusion of the trial court that the defendant’s consent is required for a sale. As I read the language used, the plaintiff can sell the property without the consent of the defendant if the plaintiff specifically makes conveyance subject to the rights of the Ahepa affiliates to use the improvements.
Mr. Chief Justice McWilliams has authorized me to state that he joins in this dissent.